# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV429-3-R
# 3:08CR55

| | |
|---|---|
| RAFAEL WILFREDO RIVAS, ) | |
| ) | |
| Petitioner, ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed October 1, 2009 (Doc. No. 1.) For the reasons stated herein, Petitioner's motion will be denied and dismissed.

## I. PROCEDURAL HISTORY

On March 25, 2008, Petitioner was charged in a ten-count Bill of Indictment with possession of identification documents and identification features in violation of 18 U.S.C. § 1028(a)(6) (Count One); fraudulent use of a Social Security number in violation of 41 U.S.C. § 408(a)(7)(B) (Count Two); possession of the identification of another person, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three); unlawful possession of a firearm while being an

illegal alien in violation of 18 U.S.C. § 922(g)(5) (Counts Four through Nine); and unlawful reentry in violation of 8 U.S.C. § 1325(a)(1) (Count Ten). (Case No. 3:08cr55; Doc. No. 1: Indictment.) On May 27, 2008, Petitioner entered into a Plea Agreement with the Government whereby he agreed to plead guilty to Counts Three and Five. (Id., Doc. No. 12: Plea Agreement.) Pursuant to his Plea Agreement, Petitioner also waived his right to contest his conviction and sentence on appeal or post-conviction motion. On December 15, 2008 Petitioner was sentenced to twelve months on Count Five and 24 months on Count Three to be served consecutively for a total of 36 months imprisonment. Judgment was entered on December 19, 2008. (Id. Doc. No. 23: Judgment.) Petitioner did not file an appeal.

On July 27, 2009, Petitioner filed his first motion pursuant to 18 U.S.C. § 2255 arguing that his conviction and sentence on Count Three should be vacated due to the his change in circumstances in that the Supreme Court decided Figueroa v. United States, 129 S. Ct. 1886 (2009) and held that in order to be found guilty of 18 U.S.C. § 1028A(a)(1), the Government must prove that the defendant knew the means of identification at issue belonged to another person. (Case No. 3:09cv309, Doc. No.1: Motion to Vacate.) Petitioner argued that he did not know the identification at issue belonged to another person, therefore, his conviction must be vacated. On August 6,

2009, the Government filed a motion to dismiss arguing that Petitioner's motion should be dismissed based on the waiver provision in his Plea Agreement. (Id., Doc. No. 4: Motion to Dismiss.) Shortly thereafter, Petitioner filed a motion to withdraw his motion which this Court granted. (Id., Doc. Nos. 7 and 8: Motion to Withdraw and Order Granting Motion to Withdraw.)

Petitioner now files the instant motion, which is his second motion to vacate, arguing that he is actually innocent in light of the Flores-Figueroa case and that his counsel was ineffective for failing to file a motion to stay his sentencing proceedings based on the fact that the Supreme Court had granted certiorari in the Flores-Figueroa case. (Doc. No. 1: Motion to Vacate.)

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate promptly, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.

If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

3

## A. Actual Innocence

Petitioner contends that he is actually innocent of the charge of possession of the identification of another person in violation of 18 U.S.C. § 1028A(A)(1) because the law changed, after Petitioner was sentenced, regarding the elements which the Government had to prove to establish a violation of this offense. The law governing habeas jurisprudence "makes clear that an allegation of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). See also United States v. Brooks, 2008 WL 2783162m slip op. At 3 (W.D. Va July 17, 2008) (citing Herrera) Harvey v. Horan, 285 F.3d 298, 299 (4th Cir. 2002) (citing Herrera); and Royal v. Taylor, 188 F.3d 239, 243 (4th Cir. 1999) (citing Herrera). To the extent that Petitioner is attempting to secure a new sentence on the basis of his allegation of "actual innocence," his efforts must be rejected because his allegation does not set forth a cognizable claim for relief.

Further, it seems what Petitioner is really arguing is that he would not be guilty today, based on Flores-Fugeroa, of the crime he was found guilty of, by virtue of his guilty plea, in 2008. Therefore, the question is whether Flores-Figueroa is retroactively applicable to cases on collateral review. Only

4

the Supreme Court can find that a new rule is retroactively applicable to cases on collateral review. Tyler v. Cain, 533 U.S. 656 (2001). Petitioner has not directed this Court to any case indicating that the Supreme Court has done so nor is this Court aware of any case in which the Supreme Court has done so. See United States v. Ingram, 613 F.Supp 2d 1069 n.6 (N.D. Iowa, 2009) (noting that Flores-Figueroa is not retroactive). Therefore, Petitioner's claim must be denied.

### B. Ineffective Assistance of Counsel

Next, Petitioner claims that his counsel was ineffective for failing to file a motion to stay his sentence while the Supreme Court decided Flores-Figueroa. The Supreme Court granted certiorari in Flores-Figueroa on October 10, 2008. Petitioner was sentenced on December 15, 2008, while the case was still pending in the Supreme Court. Petitioner contends that his counsel was ineffective for failing to file a motion to stay the proceedings while the Supreme Court considered Flores-Figueroa.

The law is clear, however, that counsel is not constitutionally deficient for failing to anticipate a new rule of law. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995). This is true even when the rule of law is under attack in the United States Supreme Court at the time of trial. Id. See also United States v. McNamara, 74 F.3d 514 (4th Cir. 1996) (holding that counsel was not

5

ineffective for following the controlling circuit law at the time); Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (holding that defendant's trial counsel was not ineffective for failing to object to instruction regarding presumptions of malice and unlawfulness, where Supreme Court decisions supporting challenges to such presumptions had not yet been rendered at time of trial); Nickerson v. Lee, 871 F.2d 1125, 1136 (4th Cir. 1992) (holding that Nickerson's trial counsel could not have been expected to object to the State's peremptory challenges, despite that certiorari in Batson had been granted six months before trial, since Nickerson's trial predated Batson decision by several months); Randolph v. Delo, 952 F.2d 243 (8th Cir. 1991) ruling that trial counsel was not ineffective by failing to raise Batson challenge two days before Batson was decided.).

In the instant case, Petitioner was sentenced on December 15, 2008 while Flores-Figuero was pending before the Untied States Supreme Court. The Court ultimately decided Flores-Figueroa abrogating United States v. Mendoza-Gonzalez, 520 F.3d 912 (8th Cir. 2008), United States v. Hurtado, 508 F.3d 603 (11th Cir. 2007), and United States v. Montejo, 442 F.3d 213 (4th Cir. 2006) and holding that in order to convict a defendant of aggravated identity theft, the government must prove that the defendant knew that the means of identification belonged to another person. The Court's decision,

however, came five months after Petitioner was sentenced. The law is clear that Petitioner's counsel was not deficient for failing to stay the proceedings even in light of the fact that the Supreme Court granted certiorari in <u>Flores-Figueroa</u>. Therefore, Petitioner's claim must be denied.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

### IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

Signed: October 7, 2009

Martin Reidinger
United States District Judge