IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09cv429
[Criminal Case No. 3:08cr55]

| | |
|---|---|
| RAFAEL WILFREDO RIVAS, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent.) | ORDER |

**THIS MATTER** is before the Court on the Petitioner's Motion for Reconsideration of Order Denying Petition to Vacate Conviction and Correct Sentence Under 28 U.S.C. §2255, or alternatively, Application for a Certificate of Appealability Pursuant to 28 U.S.C. §2253(c)(1)(B) [Doc. 4].

**PROCEDURAL HISTORY**

On March 25, 2008, the Petitioner was charged in a ten-count bill of indictment with possession of stolen identification documents; including social security cards; false representation of a social security number; aggravated identity theft; possession of firearms by an illegal alien; and illegal reentry into

1

the United States, in violation of 18 U.S.C. §§1028(a)(6), 1028A & 922(g)(5; 42 U.S.C. §408(a))7)(B), and 8 U.S.C. §1326(a). United States v. Rivas, Criminal Case No. 3:08cr55. [Doc. 1]. On May 28, 2008, the Petitioner entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to one count of aggravated identity theft (Count Three) and one count of possession of a firearm by an illegal alien (Count Five). Id. [Doc. 12]. In consideration of the Government's agreement that the Petitioner would plead guilty to two of the ten counts, the Petitioner waived his right to appeal and collaterally attack his conviction and sentence except on the grounds of ineffective assistance of counsel and/or prosecutorial misconduct. Id. [Doc. 12, at 4].

The presentence report and discovery in the case show that the Petitioner fraudulently obtained and used the social security number issued to an individual in order to obtain a North Carolina driver's license and later, to purchase a vehicle on January 12, 2005. Id. [Doc. 19, at 3-4]. The purchase of the vehicle using the stolen social security identification is the subject of the aggravated identity theft to which the Petitioner pled guilty in Count Three. Id. During the search of the Petitioner's home incident to arrest, officers located a social security card issued to an alias used by the

Petitioner. Id. The social security number on that card was the same one stolen from the victim. Id. The Petitioner provided a statement to the authorities in which he admitted that he obtained the social security number from an employee of the North Carolina Department of Motor Vehicles (DMV) and that he had used that number to obtain a driver's license and to purchase the vehicle. Id.

In a sealed sentencing memorandum, the Petitioner's attorney noted that the Petitioner "did not think through the consequences it would have for his family *when he used someone else's identity* to make it appear that he was legitimately here in the United States[.]" Id. [Doc. 21, at 2] (emphasis provided).[1]

On December 19, 2008, the Petitioner was sentenced to 12 months imprisonment on Count Five to be followed by 24 months consecutive imprisonment on Count Three. Id. [Doc. 23]. The Petitioner did not appeal his conviction and/or sentence.

On July 27, 2009, the Petitioner timely filed a motion pursuant to 18 U.S.C. § 2255 arguing that the decision of Flores-Figueroa v. United States,

---

[1]Although the sentencing memorandum is sealed, the disclosure of this portion thereof, like the disclosure of certain portions of the presentence report, does not require the sealing of this order.

129 S.Ct. 1886, 173 L.Ed.2d 853 (2009) (Flores-Figueroa) should be applied to his case. Rivas v. United States, Civil Case No. 3:09cv309 (Rivas I) [Doc. 1]. In Flores-Figueroa the Supreme Court held that in order to convict a defendant of aggravated identity theft, the Government must prove that the defendant knew the identification possessed or used belonged to another person. When the Government responded that the Petitioner had waived his right to collaterally attack his conviction or sentence, the Petitioner's attorney withdrew the motion, and the case was dismissed. Id. [Doc. 8].

On October 1, 2009, the Petitioner, acting *pro se*, filed this motion pursuant to 28 U.S.C. §2255 (Rivas II) in which he claimed that he did not know the social security number at issue belonged to another person and that his attorney rendered ineffective assistance of counsel in failing to forecast the Supreme Court's decision in Flores-Figueroa. [Doc. 1]. In support of the motion, the Petitioner filed a declaration in which he stated that at the time he pled guilty "I did not know then, nor do I know today, that the numbers on the documents for which I plead guilty to possessing, belonged to another person." [Doc. 1-2]. The Petitioner also attached to his motion a copy of a letter written by his attorney to the United States Attorney after the Flores-Figueroa case was decided. [Doc. 1-3]. In that letter, counsel wrote that

4

"There was no evidence in discovery that Mr. Rivas knew [that the means of identification belonged to another person]. Also, it is unclear in this case that the identification even belonged to someone else." [Id.]. There are, however, two paragraphs of the letter which have been "blacked out" and which are illegible. The contents of those paragraphs are therefore unavailable. In any event, the statements allegedly made in this letter appear to contradict the argument made in the sentencing memorandum that the Petitioner knew he was using another person's identity.

On October 8, 2009, this Court dismissed Rivas II, finding (1) the Petitioner had failed to show that Flores-Figueroa is retroactive to cases on collateral review; and thus, he had failed to show actual innocence; and (2) counsel did not render ineffective assistance in failing to forecast the decision. [Doc. 2]. The Court did not reach the issue of whether this action constituted a second or successive motion pursuant to 28 U.S.C. §2255.

The Petitioner has moved for reconsideration of that dismissal and, alternatively, for a certificate of appealability. [Doc. 4]. The Court requested that the Government file response to that motion. [Doc. 5]. Response having been filed, the matter is now ready for disposition.

## STANDARD OF REVIEW

The Petitioner has moved the Court to reconsider the denial of his motion pursuant to 28 U.S.C. §2255 but he has not specified whether the motion is brought pursuant to Rule 59 or 60 of the Federal Rules of Civil Procedure. Because the Petitioner filed his motion to reconsider within ten days of dismissal, the Court will consider it as a Rule 59(e) motion. Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006); *but see*, MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 278-79 (4th Cir. 2008) (noting that after the amendment of Rule 4 of the Federal Rules of Appellate Procedure the characterization should be based on the reasons expressed by the movant not the timing but declining to so hold in order to avoid overruling a prior panel of the circuit)[2]; Hines v. United States, 2009 WL 3423185 (W.D.N.C. 2009) (apply the ten day rule to a motion to reconsider the dismissal of a §2255 motion).

"There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" United States *ex rel.* Becker

---

[2]The Court does note, however, that the reasons expressed in the motion to reconsider would qualify it as one brought pursuant to Rule 59(e).

v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002), *certiorari denied* 538 U.S. 1012, 123 S.Ct. 1929, 155 L.Ed.2d 848 (2003), *quoting* Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 398, 403 (4th Cir. 1998), *certiorari denied* 525 U.S. 1104, 119 S.Ct. 869, 142 L.Ed.2d 771 (1999).

> Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. ... In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

Pacific Ins. Co., 148 F.3d at 403.

"[M]ere disagreement [with the Court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Nor may the Rule be used to relitigate old matters. 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

**DISCUSSION**

In support of reconsideration, the Petitioner reiterates the arguments raised in the §2255 motion; that is, the holding of Flores-Figueroa should be applied retroactively to cases on collateral review and he is actually innocent of the crime charged because he did not know the stolen identity belonged to a person.[3]  The Petitioner thus argues that the Court has committed a clear error of law and urges a modification of the decision in order to prevent a miscarriage of justice because he is "actually innocent."

The Government has responded that the Court should not reach the merits of the motion.  Instead, it argues the Court should modify its October 8, 2009 Order to hold that this case presented an unauthorized second or successive §2255 motion since the Petitioner's attorney withdrew the motion presented in Rivas I.  Once characterized as a successive §2255 motion, the Government argues, Flores-Figueroa would not apply retroactively to this case absent a certification by the Fourth Circuit.  28 U.S.C. §2255(h)(2) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

---

[3]The Petitioner did not argue the issue of ineffective assistance of counsel.

was previously unavailable."); see also, Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (only the Supreme Court can find a new rule is retroactively applicable to cases on collateral review); Short v. United States, 2009 WL 3698431 **14 n.6 (E.D.Mo. 2009) (Flores-Figueroa retroactive to first §2255 motion but not to second absent certification); *accord*, United States v. Fernandez-Cruz, 2009 WL 3488352 (D.Md. 2009); United States v. Venancio-Dominguez, __ F.Supp.2d __, 2009 WL 3234217 (E.D.Va. 2009).

> While AEDPA [Anti-Terrorism and Effective Death Penalty Act of 1996] imposes gatekeeping restrictions on "second or successive" motions, it does not define what constitutes a "second or successive" motion. Courts have uniformly rejected a literal reading of the phrase. For a petition to be second or successive, "it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." [A]n initial petition will "count" where it has been adjudicated on the merits or dismissed with prejudice. Similarly, when the district court has denied a prior petition because the claim raised was procedurally defaulted, the denial is on the merits, at least for purposes of ... §2255. In contrast, an initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of ... §2255. To hold otherwise would risk depriving habeas petitioners, often on the basis of a technicality, the "one full opportunity" for meaningful collateral review that Congress guaranteed to them in AEDPA. [This] case presents [the] question ... when a habeas petitioner voluntarily moves to withdraw a §2255 petition and the district court grants the motion, under what circumstances should a later petition be considered successive for purposes of §2255's gatekeeping requirements?

9

> ...
> [I]f a petitioner clearly concedes upon withdrawal of a §2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA. To allow withdrawal without prejudice in such circumstances would permit petitioners "to thwart the limitations on the filing of second or successive motions by withdrawing [their] first petition as soon as it [became] evident that the district court [was] going to dismiss it on the merits." This approach ... simply requires a determination of whether the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless. [F]or example, ... such circumstances [would] exist[] where a petitioner who was competently assisted by counsel moved to withdraw only after the government had filed a detailed opposition brief arguing that the motion lacked merit.

Thai v. United States, 391 F.3d 491, 494-95, 496 (2nd Cir. 2004).

In Rivas I, the Government moved to dismiss the §2255 petition because the Petitioner had waived his right in the plea agreement to collaterally attack his conviction and sentence. In response to that motion, the Petitioner's attorney acknowledged that "[a]s the government has raised Mr. Rivas' waiver, Mr. Rivas accordingly moves to withdraw his Motion to Vacate and Resentence[.]" Id., [Doc. 7, at 1]. The Petitioner's attorney candidly admitted that the petition had no merits in view of the waiver. She did not move to amend the petition in order to state grounds which had not been waived; instead, she moved to withdraw the petition. The dismissal of that petition was therefore on the merits. Thai, 391 F.3d at 496; Smith v.

10

United States, 2007 WL 4510289 (N.D.W.Va. 2007).

The Court finds, under these circumstances, that this case, Rivas II, constitutes a second, successive motion pursuant to §2255 for which the Petitioner must have obtained permission prior to filing. 28 U.S.C. §2255(h)(2). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *certiorari denied* 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). Because this is a successive application, this Court "must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit] so that [the Circuit] may perform [its] gatekeeping function under [§2255(h)(2)]." Id., at 207.

The Court will therefore transfer the action to the United States Court of Appeals for the Fourth Circuit for a determination by that Court as to whether this matter involves a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Order entered in this matter on October 8, 2009 [Doc. 2] is hereby **VACATED** and the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is hereby **TRANSFERRED** to the United States Court of Appeals for the Fourth Circuit.

**IT IS FURTHER ORDERED** that the Petitioner's Motion for Reconsideration of Order Denying Petition to Vacate Conviction and Correct Sentence Under 28 U.S.C. §2255, or alternatively, Application for a Certificate of Appealability Pursuant to 28 U.S.C. §2253(c)(1)(B) [Doc. 4] is hereby **DENIED** as moot.

Signed: December 7, 2009

Martin Reidinger
United States District Judge